# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 17, 2010

Lyle W. Cayce
Clerk

No. 10-50246
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTONIO GONZALEZ-HERNANDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-256-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Antonio Gonzalez-Hernandez appeals his within-guidelines sentence imposed upon his conviction for illegal reentry. *See* 8 U.S.C. § 1326. He argues that his 78-month sentence is unreasonable because it is greater than necessary to effectuate the sentencing goals of 18 U.S.C. § 3553(a). He argues that the 16-level enhancement required by the illegal reentry guideline overstated the risk of recidivism and the risk of danger he poses to the community and greatly overstated the seriousness of his offense. He argues further that his guideline

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50246

range of imprisonment failed to account for a childhood during which his parents died when he was very young.

At sentencing, the district court found that the Guidelines were adequate and that a fair and reasonable sentence could be achieved with a sentence within the advisory range. The district court stated that even if it did not choose to follow the Guidelines, it would still find 78 months to be an adequate sentence given Gonzalez's "grossly undercounted criminal history." Gonzalez had 30 prior convictions for which he received no criminal history points because 29 of them were too old and one was a non-countable misdemeanor. The district court also rejected Gonzalez's argument that his sentence did not reflect his difficult childhood, noting that under the Guidelines, family history is not relevant. The district court found that Gonzalez's childhood did not justify a sentence below the advisory guideline range.

The district court gave sufficient reasons for imposing a within-guidelines sentence. *See Rita v. United States*, 551 U.S. 338, 356 (2007). Gonzalez has not rebutted the presumption of reasonableness applicable to his within-guidelines sentence. *See id.* at 347. Therefore, he has not shown that the district court abused its discretion in imposing a sentence within the applicable guidelines range. *See Gall v. United States*, 552 U.S. 38, 46, 51 (2007).

AFFIRMED.